The bill is brought by the residuary legatees of Samuel Swindall, deceased, against his executors, Hays F. Shipman and Samuel Swindall, the younger. The testator died in 1841, and the bill was filed some years afterwards, praying an account of the estate, and payment of the surplus to the plaintiffs. It states, in particular, that the testator left considerable sums of money, concealed in different parts of his house; and that, after his death, his son Samuel discovered them, and took them secretly for his own use; and especially one sum of $360, and another of $450. And it further states, that Shipman proved the will, and took on himself the office of executor upon the testator’s estate ; but that the son Samuel did not, in consequence of his reluctance to return an inventory, including those sums and others, which he concealed and converted. Afterwards, Shipman, having heard of the conversion of the money, and being able to adduce the testimony of a witness to each of those two sums, demanded payment from Samuel Swindall, the younger; and, on his refusal, he brought an action at law therefor: and then, in order to defeat that action, the defendant therein also took probate of the will; and thereupon this bill was brought.
 

 
 *286
 
 The answer of the defendant, Swindall, admits that his motive for qualifying as executor was that charged in the bill; but it denies, positively, thathe received, found, or took after his father’s death, either of the sums of money mentioned in the bill, or any other, belonging to his father’s estate, or that he received any part of the estate,
 
 except
 
 what was delivered to him as and for his legacies, by the other executor.
 

 Upon the hearing, a reference was made to the Clerk to take the usual accounts: he did so, and in his report charged the defendant, Swindall, with the two sums of $360 and $450, found at different times, in 1841, in his father’s house shortly after his death, and converted by that defendant; and also charged him with interest thereon, from the period at which he received them, up to the present time; The defendant excepted to each of these charges of principal money, because it was supported by the testimony of but a single wit. ness, which was insufficient to outweigh the positive denial of the answer. He also excepted to the-charge of interest, because there was no evidence that he received any ; and lastly, that no commissions were allowed him.
 

 The two first exceptions, as to the sums of principal money, are unfounded in fact, and must, for that reason, be over-ruled. It is true, that but one witness speaks directly to each precise sum; but they are both sustained and corroborated by circumstances, and the testimony of other witnesses, which concur in establishing, very clearly, that the defendant received at least those sums, and render it highly probable, that he got considerably more, though it qannot be told how much more.
 

 Of course, a dishonest executor, who commits the flagrant fraud of denying his receipts of the assets, and accounts for neither principal, nor interest made, but converts all to his-own use, is chargeable with interest from the beginning. Indeed, he is properly chargeable with interest at the highest
 
 *287
 
 rate; and, therefore, the infant plaintiffs might well have asked for annual rests, or compound interest, as if the defendant had been their guardian. As for commissions: one cannot but be curious to learn, for what service the defendant has entitled himself to compensation* All the exceptions must be over-ruled, and the report stand confirmed, and a decree made for the plaintiffs accordingly— the defendant, Samuel Swindall, paying all the costs of the other parties.
 

 Püe. Curiam. Decree accordingly.